UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RUTH RODGERS,

    Plaintiff,

vs.                                                        CASE NO. 3:05-cv-543-J-TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

**O R D E R**

This case is before the Court on Plaintiff's Petition for Attorney Fees (Doc. #33), filed May 25, 2009. Plaintiff's counsel requests an award of $6,548.14 in attorney fees pursuant to the Equal Access to Justice Act (Doc. #33 at 1). Defendant filed his Memorandum in Opposition to Plaintiff's Motion for Attorney Fees (Doc. #34, Response), on June 24, 2009. Defendant raises objection the hourly rates requested by Plaintiff's counsel.[1]

In this matter, Plaintiff has requested attorney fees under EAJA be paid at rates of $161.85 per hour for services in 2006, $166.46 per hour for services in 2007, $172.85 per hour for services rendered in 2008, and $170.77 per hour for 2009. Defendant seeks to have this Court follow an apparent cap on the hourly rates for Social Security disability EAJA fees that another magistrate judge has placed on EAJA fee awards in some of his

---

[1] Upon review of the record, the Court noted Defendant's Response was filed late under Fed. R. Civ. P. 6 and Local rule 3.01(b). However, Defendant subsequently requested leave to file the response out of time, which the Court granted (see Docs. #35, #37) and ordered the response to stand as filed.

cases. *See Gonzalez v. Astrue*, No. 8:07-CV-1704-T-30TGW, 2009 WL 1076766 (M.D. Fla. Apr. 21, 2009) (setting maximum EAJA fees at $165 per hour for work in 2007 and 2008 and at $169.51 for work performed in 2009); *Coffman v. Astrue*, No. 8:07-CV-1416-T-TGW, 2009 WL 5137956 (M.D. Fla. Dec. 5, 2008) (finding EAJA fees request in excess of $170 per hour beyond the bounds of reason and awarding fees at $165 per hour in 2007 and 2008).[2] In each case, the court referred to limits on hourly rates for legal services performed by court-appointed criminal defense counsel in death penalty cases.

While the Court can understand the logic used in those decisions, the fees for attorneys pursuing Social Security disability claims for their clients and for court-appointed attorneys defending death penalty cases result from separate statutes enacted by Congress, which contain separate and distinct standards for fee awards and for potential fee enhancement. *See* 28 U.S.C. § 2412 (the Equal Access to Justice Act); 18 U.S.C. § 3006A (the Criminal Justice Act); 42 U.S.C. § 406 (representation of claimants before the Commissioner of Social Security).

Given the labyrinth of Social Security regulations and procedures that a person seeking disability payments faces, attorneys taking those cases are performing a service to the public, albeit of a different type than death penalty attorneys, but important nonetheless. Since Congress has not chosen to establish the same rates for each type of counsel, the Court is not restrained to do so.

While there may be a general sense of overall fairness in limiting EAJA attorney fee

---

[2]Unpublished opinions may be cited throughout this Order for persuasive authority. The Court does not rely on unpublished opinions as binding in making its own determinations.

awards in Social Security disability cases to hourly rates comparable to those awarded in CJA (Criminal Justice Act) cases for appointed attorneys defending against capital offenses, the Court does not find such restriction on the fees requested in this case is warranted. However, because the undersigned does find Plaintiff's counsel has overstated the allowable cost of living adjustments, the Court will modify the hourly rate with a proportionate increase based on the years in which the services were performed.

Thus, upon a review of the information contained within the record, the Court makes the following legal and factual findings:

1. Attorney fees are authorized in this action because Plaintiff, having obtained a sentence four remand/reversal denial of benefits, is a "prevailing party," *Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993), the Commissioner failed to apply the proper legal standards in evaluating the case, thus his position here was not substantially justified. Moreover, Plaintiff filed a timely application for attorney fees, nothing in the record indicates Plaintiff had a net worth of more than $2,000,000 at the time the complaint was filed, and there are no special circumstances which would make the award unjust. *See* 28 U.S.C. § 2412(d); *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990).

2. The amount of attorney fees to be awarded "shall be based upon prevailing market rates for the kind and quality of the services furnished," except that attorney fees shall not exceed $125.00 per hour unless the Court determines that an increase in the cost of living or a "special factor" justifies a higher fee award. 28 U.S.C. § 2412(d)(2)(A). The awarded fee may not exceed twenty-five percent of the claimant's past due benefits. 42 U.S.C. § 406(b)(1)(A). There is no contention here that the claimed fee would exceed that

amount.

It has been recognized that the EAJA allows for an adjustment due to changes in the cost of living, though such a change is not absolutely required. *Barber v. Sullivan*, 751 F. Supp. 1542, 1544 (S.D. Ga. 1990) (citing *Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1988). *Baker* is also cited for the proposition that attorney fee increases do not necessarily have to follow the Cost of Living Index for a specific geographical area and that the decision as to whether attorney fees shall exceed the statutory cap rests entirely within the Court's discretion. *Id.* Plaintiff's counsel requests an enhancement of the statutory fee rate of $125.00 per hour based upon the cost of living increases since Congress set the amount in March 1996 as part of the Contract with America Advancement Act of 1996, Pub. L. No. 104- 121, §§ 231-33 as codified in 28 U.S.C. § 2412(d)(2)(A).

Plaintiff's counsel argues that the statutory cap of $125.00 should be raised to $161.85 per hour for services provided in 2006, $166.46 per hour for services provided in 2007, $172.85 per hour for services provided in 2008, and $170.77 per hour for services provided in 2009 (Doc. #33-5 at 4-6). However, Plaintiff's counsel has calculated an hourly rate which overstates the inflation rate. The Court in its discretion has determined that the hourly rates of $160.61 per hour for services provided in 2006, $165.15 per hour for services provided in 2007, $171.45 for services provided in 2008, and $170.77 for services provided in 2009 are reasonable when factoring in the Consumer Price Index as a guide for Florida attorneys to be compensated under the EAJA.[3]

---

[3]The Court arrived at its conclusions by visiting the following website: http://www.minneapolisfed.org (last visited July 6, 2009).

3. Plaintiff's counsel has requested any awarded EAJA fees be paid directly to her, rather than to Plaintiff (Doc. #33 at 1-2). In support of this request, Plaintiff's counsel provided a copy of a document entitled "Employment Agreement Contract for Federal Court Work" (Doc. #33-2). This contract is signed by Plaintiff and Ms. Chantal Harrington, Esq., one of Plaintiff's attorneys in this action.

Under Eleventh Circuit Court of Appeals case law, the prevailing party, not the prevailing party's counsel, is eligible to recover attorney fees under the EAJA as part of the party's litigation expenses. *Panola Land Buying Ass'n v. Clark*, 844 F.2d 1506, 1509-11 (11th Cir. 1988). In that case, the Eleventh Circuit awarded EAJA fees to the prevailing plaintiff, not its counsel, in accordance with the specific language of the EAJA. *Reeves v. Astrue*, 526 F.3d 732 (11th Cir. 2008) reaffirmed that the plaintiff, not plaintiff's attorney, is the "prevailing party" within the meaning of the EAJA statute. The *Reeves* court found the EAJA statute "plainly contemplates that the prevailing party will look to the opposing party for costs incurred, while attorneys and other service providers must look to the [prevailing] party for compensation for their services." *Id.* at 736. The *Reeves* court further held that EAJA fees may be offset by the government where the plaintiff owes debts subject to the Debt Collection Improvement Act, 31 U.S.C. §§ 3701, 3716(a). *Id.* at n.3; *see also* 31 C.F.R. § 285.5.

However, neither *Panola* nor *Reeves* squarely addresses the payment of EAJA fees directly to counsel when the prevailing plaintiff has assigned his or her interest to the attorney. This Court will follow the common practice of other courts in our district by directing said payment to counsel when an assignment of benefits has been included with

5

the counsel's petition. *Hagman v. Astrue*, 546 F. Supp. 2d 1294, 1299 (M.D. Fla. 2007) (holding EAJA fees must be paid directly to Plaintiff's attorney when such request is made in the petition)*; Williams v. Comm. of Soc. Sec.*, No. 6:07-cv-212-ORL-KRS, 2008 U.S. Dist. LEXIS 31366, at *2-3 (M.D. Fla. Apr. 16, 2008) (ordering payment of EAJA fees directly to plaintiff's counsel pursuant to an assignment of such fees by plaintiff); *Stoykor-Adams v. Astrue*, No. 8:06-cv-733-T-TBM, 2008 WL 508198, at *3 (M.D. Fla. Feb. 21, 2008) (ordering payment of EAJA fees directly to plaintiff's counsel pursuant to an assignment of such fees by plaintiff); *Fricke v. Comm. of Soc. Sec.*, No. 6:07-cv-844-ORL-KRS, 2008 WL 450032, at *1 (M.D. Fla. Feb. 15, 2008) (ordering payment of EAJA fees directly to plaintiff's counsel pursuant to an assignment of such fees by plaintiff).

4. The Court thus finds that $6,503.50 ($160.61 x 1.5 hours in 2006, $165.15 x 6.8 hours in 2007, $171.45 x 24.2 hours in 2008, and $170.77 x 5.8 hours in 2009) is a reasonable fee in this case.

5. Defendant did not object to the motion for attorney fees based upon the number hours for which fees were requested (Doc. #34 at 1).

6. Defendant did not object to the award of attorney fees directly to Plaintiff's counsel (Doc. #34 at 1).

7. Plaintiff did not make any claims for costs incurred in this action.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1. Plaintiff's Petition for Attorney Fees (Doc. #33) is **GRANTED as amended above**.

2. The Clerk shall enter judgment in favor of Plaintiff and against Defendant in

the amount of $6,503.50 for attorney fees.

3. The request that the Court direct the payment of the fees be made to Ms. Chantal J. Harrington, Esquire is **GRANTED**.[4]

**DONE AND ORDERED** at Jacksonville, Florida this 22nd day of July, 2009.

Copies to counsel of record

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge

---

[4] Plaintiff assigned any EAJA fee award to her counsel (Doc. #33-2). As Ms. Harrington's signature appears on the Employment Agreement along with Plaintiff's signature, the Court directs all fees to be paid to Ms. Harrington for proper disbursement thereafter.